[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11295
Non-Argument Calendar

_____

D. C. Docket No. 3:10-cv-00455-WS-CJK

PHILLIPS CAPITAL, INC.,

Plaintiff - Appellant,

versus

CRESTVIEW LLC,
an Oregon limited liability company,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(October 23, 2012)

Before CARNES, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Phillips Capital, Inc. ("Phillips Capital"), appeals the district court's denial

of its motion to alter or amend the judgment following the district court's grant of

Crestview LLC's ("Crestview") motion for summary judgment. We affirm.

Phillips Capital sued Crestview seeking declaratory and injunctive relief based on rights and obligations set forth in a Voting Trust Agreement ("Agreement"). The district court bifurcated the proceedings,[1] suspended discovery, and instructed both parties to file motions for summary judgment "directed only to the issue of law regarding the rights and obligations of the parties to the Voting Trust Agreement." Dkt. 59 at 2. The district court granted Crestview's motion for summary judgment on this issue and dismissed the case with prejudice. The district court concluded that, "[c]ontrary to the assertions of Phillips Capital, the Agreement does not require Crestview to act in Phillips Capital's best interests." Dkt. 76 at 6. Phillips Capital filed a motion to alter or amend the district court's Order, which the district court denied. Phillips Capital appeals. We review the district court's denial of a motion to alter or amend the judgment for an abuse of discretion. *Lawson v. Singletary*, 85 F.3d 502, 507 (11th Cir. 1996).

In its motion to alter or amend, Phillips Capital first sought to reopen the case to permit the amendment of pleadings based on additional acts or omissions

---

[1] The district court bifurcated the proceedings between liability (whether Phillips Capital was entitled to any relief under the Agreement) and damages.

2

not originally alleged in the complaint. Phillips Capital only sought this motion to add claims against Crestview—for gross negligence, intentional misconduct, a breach of the agreement, and a knowing violation of the law—after the district court granted Crestview's summary judgment motion and noted that the express provisions of the Agreement state that "[n]either the Trustee nor any Related Person shall be liable, responsible or accountable . . . . except [for] Damages resulting from acts or omissions of such Related Person which were taken or omitted in bad faith or constituted gross negligence, intentional misconduct, a breach of this Agreement or a knowing violation of the law." Dkt. 76 at 7. But Phillips Capital may not raise these additional claims in a motion to alter or amend, especially where there is no allegation that any of these claims were not available or could not be raised prior to summary judgment.[2] *See In re Kellogg*, 197 F.3d 1116, 1119-20 (11th Cir. 1999); *see also Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (stating that a party "cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment").

Phillips Capital also sought clarification of the district court's ruling and

---

[2] For the same reasons, Phillips Capital is not entitled to further relief under 28 U.S.C. § 2202.

3

asks this Court to clarify the preclusive effect on future litigation based on acts or omissions committed after the filing of the complaint.  But this Court declines to speculate as to what additional lawsuits (if any) may be filed in the future and what preclusive effect the district court's grant of summary judgment on these claims will have on any future litigation.

**AFFIRMED.**